**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | |
|---|---|
| OHIO & VICINITY CARPENTERS<br>FRINGE BENEFIT FUNDS, INC., | Case No. 1:21-cv-566 |
| Plaintiff, | Dlott, J.<br>Bowman, M.J. |
| v. | |
| CRAFT MASTERS REMODELING<br>& HOME IMPROVEMENT LLC, | |
| Defendant. | |

**REPORT AND RECOMMENDATION**

Pursuant to local practice, this case has been referred to the undersigned magistrate judge for initial consideration and a Report and Recommendation. (Doc. 4). Currently pending before the Court is Plaintiff's motion for default judgment pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure. (Doc. 8).

**I.  Procedural Background**

On September 21, 2021, Plaintiff Ohio & Vicinity Carpenters Fringe Benefits Funds, LLC (the "FUNDS") filed this action against Defendant Craft Masters Remodeling & Home Improvement, LLC ("Craft Masters") to enforce collection of delinquent fringe benefit contributions for work performed in the months of October 2020 through December 2020 pursuant to 29 USC §1132(g)(2) and § 1145. (Doc. 1).  Defendant's agent was personally served a copy of the complaint and summons on September 27, 2021. (Docs. 5, 8).  After Defendant failed to timely respond to the complaint, the Clerk

entered a default on October 25, 2021. (Doc. 7). Plaintiff now seeks a default judgment pursuant to Rule 55(b)(2), Fed. R. Civ. P.  (Doc.8).

## II. Facts Alleged in the Complaint

According to the complaint, the FUNDS is a qualified and tax-exempt Ohio corporation established under §§ 401 & 501 of the Internal Revenue Code, pursuant to a Collective Bargaining Agreement ("CBA" or "Agreement").  (Doc. 1 at ¶¶ 1-2). The CBA was entered into between Indiana/Kentucky/Ohio Regional Council of Carpenters (the "Union") and certain Employers and Employer Associations, whose members employ members of the Union.  (*Id*. at ¶ 4).  Defendant is an Ohio corporation with its principal place of business in Ohio, and was a signatory to the referenced CBA.  (*Id*. at ¶5).

The FUNDS is administered in accordance with the terms and provisions of the Agreements and Declarations of Trust, and Plaintiff FUNDS is a third-party beneficiary of the CBA.  (*Id*. at ¶6).  Pursuant to its Agreement, Defendant agreed to pay, in addition to wages, employee fringe benefits contributions for each employee employed by Defendant and covered by the Agreement's terms.  (*Id.* at ¶7).  Defendant is required to remit the referenced fringe benefit contribution payments to Plaintiff with the standard contribution form no later than the 15th day of the month following the month in which the hours were worked.  (*Id*. at ¶ 8).  When payments and contributions are not timely made, the signatory employer is charged with liquidated damages, costs of collection, and attorney fees.  (*Id*. at ¶9).

Plaintiff alleges that Defendant failed to remit fringe benefit contribution payments for work performed in the months of October 2020 through December 2020 and ignored multiple requests for said payments.  (*Id.* at ¶10).  The FUNDS therefore alleges that it is

2

entitled to enforce collection of the delinquent fringe benefits pursuant to 29 U.S.C. §1132(g)(2) and 29 U.S.C. § 1145. (*Id*. at ¶12). Plaintiff specifically seeks $26,736.56 in employer contributions and deductions for work months October through December 2020, plus its attorney's fees. (Doc. 1 at 4).

### III. Analysis

Court records confirm that: (1) the amended complaint was filed against the Defendant on or about September 21, 2021 (Doc. 1); (2) the summons and complaint were duly served on Defendant (Doc. 8); (3) no answer or other defense has ever been filed; (4) an entry of default previously was docketed by the Clerk of this Court; and (5) no proceedings have been taken by Defendant since the default was entered. Upon a party's default, the well-pleaded allegations of the complaint related to liability are taken as true. *See, generally, Antoine v. Atlas Turner, Inc*., 66 F.3d 105, 110-11 (6th Cir. 1995). Accepting as true the facts set forth in the complaint, Plaintiff has established that Defendant failed to remit fringe benefit contribution payments for work performed in October 2020 through December 2020 pursuant to the terms and provisions of the Collective Bargaining Agreement between Defendant and the Union. The complaint further establishes that the Defendant is liable for liquidated damages, costs of collection and attorney fees. (Doc. 1).

The amount of damages has been reduced to a sum certain, totaling $28,746.75. The total includes damages in the amount of $26,736.56 for the delinquent fringe benefit contributions for work months October - December 2020, plus attorney's fees and costs in the total amount of $2,010.19. All amounts are properly supported with evidentiary exhibits attached to Plaintiff's motion. (*See* Docs. 8-1, 8-2, and 8-3). *Accord Ironworkers*

*District Council of So. Ohio & Vicinity Benefit Trust v. Reinforcing Services Co., LLC,* Case No. 3:09-cv-067, 2009 WL 4154905 (S.D. Ohio, Nov.20, 2009).

### IV.     Conclusion and Recommendation

Upon careful review of the supporting evidence, the undersigned finds Plaintiff's motion for default judgment to be well-taken. Plaintiff has fully satisfied the requirements of Rule 55(b)(2), Fed. R. Civ. P.  Accordingly, **IT IS RECOMMENDED THAT** Plaintiff's motion for default judgment (Doc. 8) be **GRANTED**, and that a default judgment be entered in favor of Plaintiff against Defendant for a total of **$28,746.75**.

  /s Stephanie K. Bowman
Stephanie K. Bowman
United States Magistrate Judge

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | |
|---|---|
| OHIO & VICINITY CARPENTERS FRINGE BENEFIT FUNDS, INC., | Case No. 1:21-cv-566 |
| Plaintiff, | Dlott, J.<br>Bowman, M.J. |
| v. | |
| CRAFT MASTERS REMODELING & HOME IMPROVEMENT LLC, | |
| Defendant. | |

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).